FILED

JAN 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN RAY PERRIDON,<br><br>       Petitioner - Appellant,<br><br> v.<br><br>ERNIE ROE, Warden; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>       Respondents - Appellees. | No. 09-16940<br><br>D.C. No. 2:00-cv-01123-LKK-JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted October 4, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Steven Ray Perridon ("petitioner"), a California state prisoner, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his jury

conviction for nine robberies (Cal. Penal Code § 211) and one attempted robbery

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(Cal. Penal Code §§ 211, 664). We have jurisdiction under 28 U.S.C. § 2253. Because the petition was filed after April 24, 1996, we review it under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, we may only grant the petition if the state court decision "was contrary to, or involved an unreasonable application of," clearly established Supreme Court law or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d); *Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009). We affirm.

The California Court of Appeal's decision that petitioner's Fifth Amendment rights were not violated was not contrary to or an unreasonable application of clearly established Supreme Court law. Police officers must cease questioning a suspect who has clearly articulated that he wants an attorney present during the custodial interrogation. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). To invoke the right to counsel, a suspect must clearly and unambiguously request counsel, which means that he "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994). "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances

would have understood only that the suspect *might* be invoking the right to counsel," cessation of questioning is not required.  *Id*.

The California Court of Appeal's decision that petitioner did not clearly and unequivocally invoke his right to counsel was not contrary to clearly established Supreme Court law.  Petitioner's statement that he would not answer questions without an attorney was ambiguous under the circumstances.  When detectives initially contacted petitioner, he voluntarily agreed to answer questions at the police station.  Upon arriving at the station, petitioner twice requested a cigarette, explaining that he would be more relaxed and cooperative if he could smoke.  It was only after the detective declined and explained that they were in a non-smoking facility that petitioner mentioned a cigarette and an attorney.  *See Smith v. Illinois*, 469 U.S. 97, 99, 100 (1984) (indicating that circumstances leading up to the request may render a request ambiguous).  As petitioner's statement was ambiguous, the detective could ask him to clarify his demand.  *See Davis*, 512 U.S. at 459; *Anderson v. Terhune*, 516 F.3d 781, 789 (9th Cir. 2008).  When he did, petitioner stated, "help me out, I'll help you out.  It's as simple as that man. . . Give me a cigarette man, *that's all I'm asking*."  After the detective assured him that he could smoke following the interview, petitioner waived his *Miranda* rights and answered the detective's questions, indicating that his true aim was to secure a

3

cigarette in exchange for speaking.  Thus, it was not unreasonable for the California Court of Appeal to conclude that because petitioner did not unequivocally invoke his right to counsel, the police were not required to end questioning.

The court declines to address petitioner's uncertified issue on appeal, as there is no "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. 2253(c)(2); *Mendez v. Knowles*, 556 F.3d 757, 770 (9th Cir. 2009).

AFFIRMED.